UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darris James Proctor, | ) C/A No. 7:12-00836-HMH-KFM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Spartanburg County Court of General Sessions; | ) |
| Judge D. Cole, | ) Report and Recommendation |
| | ) |
| Defendants. | ) |

_____

Darris James Proctor ("Plaintiff"), a self-represented state prisoner, brings this action

pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. §

636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff, who is incarcerated at Turbeville

Correctional Institution, files this action *in forma pauperis* under 28 U.S.C. § 1915. Having

reviewed the complaint in accordance with applicable law, the undersigned concludes that

it should be summarily dismissed.

## *FACTS PRESENTED*

Plaintiff indicates that he was issued a warrant for receiving stolen goods on May

19, 2011. ECF No. 1, page 3. Plaintiff's charge was allegedly enhanced based on "two

or more" previous "property crimes convictions based on value." *Id.* Plaintiff bonded out

of jail on May 24, 2011, and was transported to the Greenville County Detention Center for

a "probation and Y.O.A. parole violation." *Id.* Plaintiff "waived the conditions of his Y.O.A.

parole violation to do 10 months." *Id.* On September 1, 2011, Plaintiff was transferred

back to the Spartanburg County Detention Center for disposition of his pending charge.

*Id.* Plaintiff alleges that he sent requests for discovery information regarding the receiving stolen goods charge and was informed by detention center staff that no such case existed on their system. *Id.* Plaintiff was directed to seek assistance from his attorney, but he did not have an opportunity to do so prior to a hearing on September 22, 2011, where Plaintiff entered a plea of "no contest" to receiving stolen goods. *Id.* at 3-4. Plaintiff was sentenced by Defendant Judge D. Cole, in the Spartanburg County Court of General Sessions, to eight years of incarceration, suspended upon the service of three years and three years of probation. *Id.* Plaintiff alleges that Spartanburg County has no record of the indictment number shown on Plaintiff's sentencing sheet. *Id.* Thus, Plaintiff claims that he has been falsely prosecuted and is serving an invalid sentence. *Id.* Plaintiff seeks release from prison, expungement of his record, and monetary damages. *Id.* at 5.

*APPLICABLE LAW AND ANALYSIS*

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where a complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir.1990).

Plaintiff files this case under 42 U.S.C. § 1983, alleging constitutional violations associated with his state criminal prosecution and conviction. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, Plaintiff names Defendants who are not amenable to suit under § 1983. The complaint lists Defendant D. Cole as the Circuit Court Judge who presided over Plaintiff's state criminal proceedings. However, judges have absolute immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Stump v. Sparkman*, 435 U.S. 349 (1978); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to

3

liability").  As Defendant Cole is absolutely immune from suit under § 1983 for judicial decisions made in Plaintiff's criminal case, this Defendant is entitled to summary dismissal from this action.

The complaint also names Defendant Spartanburg County Court of General Sessions, which is a part of this State's unified judicial system.  *See* S.C. Const. art. V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law.").  The Eleventh Amendment divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department.  *See Federal Maritime Comm'n v. South Carolina State Ports Authority*, 535 U.S. 743 (2002); *Board of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other states against a state, Eleventh Amendment bars suits against a state filed by its own citizens). While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases.  *See Quern v. Jordan*, 440 U.S. 332, 343 (1979).  In addition, a state may consent to a suit in a federal district court. *See Pennhurst*, 465 U.S. at 99 n. 9.   However, the State of South Carolina has not consented to such actions.  *See* S.C. Code Ann. § 15-78-20(e).  As Defendant Spartanburg County Court of General Sessions is protected from Plaintiff's § 1983 claims by Eleventh Amendment immunity, this Defendant is also entitled to summary dismissal from this case.

Finally, it is noted that the complaint is subject to summary dismissal in any event. Plaintiff seeks injunctive relief in the form of release from prison and expungement of his record. However, habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). Because Plaintiff cannot challenge his allegedly invalid sentence under § 1983 or seek release from prison under that statute, Plaintiff's claims for injunctive relief are subject to summary dismissal. Further, to the extent Plaintiff seeks monetary damages for alleged constitutional violations associated with his criminal conviction, such a claim is barred by the United States Supreme Court's holding in *Heck v. Humphrey,* 512 U.S. 477, 487 (1994). In *Heck*, the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. *Id.* at 486-87. In this case, Plaintiff claims that he was falsely prosecuted and is serving an invalid sentence. A favorable determination on the merits of Plaintiff's claims in this § 1983 action would, thus, require a finding that his imprisonment is invalid. As Plaintiff provides no facts to demonstrate that his conviction or sentence have been previously overturned, his claim for monetary damages must also fail.

*CONCLUSION AND RECOMMENDATION*

Accordingly, it is recommended that the complaint in the above-captioned case be dismissed without prejudice.

April 6, 2012                         s/Kevin F. McDonald
Greenville, South Carolina            United States Magistrate Judge

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).